**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**
**10/28/2022**
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

|  |  |  |
|---|---|---|
| LARRY GOOCH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-cv-02804 (UNA) |
| | ) | |
| DISTRICT OF COLUMBIA METRO | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on consideration of plaintiff's *pro se* complaint, ECF No. 1, and application to proceed *in forma pauperis* ("IFP"), ECF No. 2.  After review, the court will grant the IFP application and dismiss the complaint without prejudice for want of subject matter jurisdiction.

Plaintiff sues the District of Columbia Metropolitan Police Department ("Metro Police") for disclosure of records pursuant to the District of Columbia Freedom of Information Act, *see* DC Code §§ 2-531–539.  Plaintiff, however, has filed for such relief in the wrong court.  To pursue a FOIA action in this court, plaintiff must sue a *federal* agency pursuant to the federal FOIA statute, 5 U.S.C. § 552, and the D.C. Metro Police is not a federal agency to which the federal FOIA statute applies, *see id*. §§ 551(1), 552(f)(1); *see also Wilson v. Dep't of Justice*, No. 13–2053, 2014 WL 12539334, at *4 (D.D.C. Oct. 17, 2014) ("The federal FOIA statute only covers records of federal agencies, *see* 5 U.S.C. § 552(f), a definition plainly inapplicable to MPD.").  As plaintiff seemingly recognizes, he "must [instead] follow the rules contained in the District of Columbia's own FOIA statute, D.C. Code § 2–531 *et seq*.," however, that statute requires that plaintiff file "an action in

D.C. Superior Court to seek review of MPD's denial of his request[,]" *Wilson*, 2014 WL 12539334, at *4; *see also Coleman v. Lappin*, No. 06-2255, 2007 WL 1983835, at *1 n.1 (D.D.C. Jul. 3, 2007) ("[A]ssuming that [p]laintiff properly submitted a request under the D.C. FOIA and exhausted his available administrative remedies, he must bring a civil action in the Superior Court of the District of Columbia.") (citing D.C. Code § 1-1527(a)(1); *Anderson v. Thomas*, 683 A.2d 156, 157–58 (D.C. 1996) (per curiam)).

Consequently, this court lacks jurisdiction over plaintiff's claims and dismisses this matter without prejudice.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).  A separate order accompanies this memorandum opinion.

Date:    October 25, 2022

_____ s/s _____
COLLEEN KOLLAR-KOTELLY
United States District Judge